IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD SHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 20-950-CFC |
| | ) |
| NEW CASTLE COUNTY, | ) |
| | ) |
| Defendant. | ) |

Ronald Shaw, Claymont, Delaware, Pro se Plaintiff.

Mary A. Jacobson, First Assistant County Attorney, New Castle County Office Law, New Castle, Delaware.   Counsel for Defendant.

**<u>MEMORANDUM OPINION</u>**

September 9, 2021
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

Plaintiff Ronald Shaw, who appears *pro se*, filed this action against New Castle County on July 15, 2020, alleging various violations of his constitutional rights arising out of the County's enforcement of its Property Maintenance Code.  (D.I. 1)   Shaw seeks $100 million in damages and injunctive relief. Pending before me is the County's motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state claims upon which relief can be granted.[1]   (D.I. 8, 9)   Briefing is complete.

---

[1]  Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction."  A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction.  *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).  A facial attack contests the sufficiency of the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).  When considering a facial attack, the court accepts the plaintiff's well-pleaded factual allegations as true and draws all reasonable inferences from those allegations in the plaintiff's favor.  *See In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625, 633 (3d Cir. 2017).  When reviewing a factual attack, the court may weigh and consider evidence outside the pleadings.  *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but the complaint must include more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  The complaint must set forth enough facts, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citation omitted).

When assessing the merits of a Rule 12(b)(6) motion to dismiss, a court must accept as

2

Shaw alleged in his Complaint numerous constitutional claims based on several interactions he had with County Code enforcement officers relating to the property located at 31 Colby Avenue and trailers Shaw had parked in front of his residence at 39 Colby Avenue. 31 Colby Avenue is owned by a defunct company. The County moved for dismissal of all asserted claims on the grounds that: (1) Shaw lacked standing to challenge the County's code enforcement activities on 31 Colby Avenue and (2) Shaw failed to allege an actionable claim for a constitutional violation under 42 U.S.C. § 1983.

In his opposition filed in response to the County's motion, Shaw addressed only two of the claims alleged in his Complaint: (1) the denial of his right to appeal a ticket in violation of the right to due process under the Fifth and Fourteenth Amendments and (2) the removal of a sign from 31 Colby Avenue in violation of Shaw's rights under the First and Fourth Amendments. Shaw's failure to address the County's arguments for dismissal of the remaining claims constitutes abandonment of those claims; and, accordingly, I will dismiss them. *See Levy-Tatum v. Navient Sol., Inc.*, 183 F. Supp. 3d 701, 712 (E.D.

---

true all factual allegations in the complaint and it must view those facts in the light most favorable to the plaintiff. *See Umland v. Planco Fin. Servs.,* 542 F.3d at 64; *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotation marks omitted). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

Pa. 2016) (dismissing claims with prejudice where plaintiff failed to make substantive arguments against dismissal); *Jackson v. J. Lewis Crozer Library*, 2007 WL 2407102, *6 (E.D. Pa. Aug. 22, 2007) (granting motion to dismiss as uncontested where plaintiff did not substantively respond to motion); *see also Griglak v. CTX Mortg. Co.*, 2010 WL 1424023, at *3 (D.N.J. Apr. 8, 2010) (holding failure to substantively respond to argument when filing a response in opposition results in waiver of claim not addressed); *Duran v. Equifirst Corp.*, 2010 WL 918444, at *3 (D.N.J. Mar. 12, 2010) (finding plaintiff waived cause of action for failing to address motion to dismiss); *Marjac, LLC v. Trenk*, 2006 WL 3751395, at *5 n.3 (D.N.J. Dec. 19, 2006) (considering plaintiff's § 1983 claims as abandoned for failing to address motion to dismiss).

I turn then to Shaw's claim that he was denied his right to appeal tickets he received in violation of his right of due process and right to pursue happiness when the County did not include appeal forms with the tickets it issued to him. (D.I. 1 at 13)   The County moves for dismissal on the grounds that neither the New Castle County Code nor due process requires that appeal forms be included with tickets.   It also argues that the Complaint does not allege that Shaw attempted to file an appeal of any ticket issued to him or that he was denied an appeal.

4

There are no allegations in the Complaint that Shaw's right to file an appeal was impeded in any way. And I take judicial notice of the fact that the tickets issued to Shaw contain the statement: "[I]f you would like the opportunity to be heard by an administrative tribunal on the issues of why New Castle County should not immediately abate the violations, please call [a telephone number provided]." (D.I. 9-1 at 34-38)

Shaw cites *Truax v. Corrigan*, 257 U.S. 312 (1921), for the proposition that every man shall have the protection of his day in court. But he does not allege that he was not afforded notice of his appeal rights. Rather, he alleges he was not provided a form.

Some type of hearing is required before an individual is deprived by the government of a property interest. *See City of Los Angeles v. David*, 538 U.S. 715 (2003). As is well-established, a fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). Here, the ticket advised Shaw of his right to hearing as required under the Due Process clause.

In a somewhat similar situation, courts have found no due process violation when a party is not afforded notice of appeal rights. *See Childress v. Small Business Admin.*, 825 F.2d 1550, 1553 (11th Cir. 1987) ("We know of no

case, however, which holds that minimum due process requires that the parties not only be given a notice and hearing but also that they be specifically advised of their right to appeal."); *Vialez v. N.Y.C. Housing Auth.*, 783 F. Supp. 109, 117 (S.D.N.Y. 1991) ("Research reveals that, faced with the question, courts have uniformly found a plaintiff claiming a due process entitlement to specific notice of the right to appeal unable to demonstrate a legally sound argument."). Notably, "individualized notice of state law remedies, which . . . are established by published, generally available state statutes and case law" is not necessary to satisfy post-deprivation due process. *City of West Covina v. Perkins*, 525 U.S. 234, 241 (1999). Thus, Shaw has failed to state a due process claim arising out of any ticket he received from the County.

Shaw next alleges that his First and Fourth Amendment rights were violated when a sign of an extended middle finger that he screwed onto a fence on 31 Colby Avenue was removed by the County. (D.I. 1 at 9, 12) Shaw does not have a property interest in 31 Colby Avenue. And the County argues that dismissal of this claim is therefore warranted because Shaw lacks standing to assert the claim and the removal of the sign did not violate Shaw's constitutional rights.

Shaw cites in his opposition *Mapp v. Ohio*, 367 U.S. 643 (1961) for the

proposition that "evidence obtained from the unlawful search may not be introduced in court this evidence is referred to as fruit of the poisonous tree." (D.I. 15) He also cites a law review article by Ira P. Robbins titled *Digitus Impudicus: The Middle Finger and the Law*, 41 U.C. Davis L. Rev. 1403, 1415 (2008) for the proposition that the middle finger is one of the most common insulting gestures used to convey a wide range of emotions whose use may be considered free speech. (D.I. 15) But neither *Mapp* nor Mr. Robbins's article bears on this case.

It is long established "that if a stranger, without the consent of the landowner, makes an erection on or affixes chattels to the land, such erection or article annexed to the soil becomes the property of the landowner." *Jacoby v. Johnson*, 120 F. 487, 489 (3d Cir. 1903). Thus, once Shaw placed the sign on property he did not own, the sign was no longer his property and, therefore, the removal of the sign did not implicate his First or Fourth Amendment rights. Because Shaw no longer owns the sign, he lacks standing to bring suit for constitutional violations arising out of the sign's removal. *See e.g.*, *Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim (quotations omitted). Accordingly, I

will dismiss Shaw's claims that are based on the removal of the sign from 31 Colby Avenue.

## IV. CONCLUSION

For the reasons discussed above, I will grant the County's motion to dismiss (D.I. 8).   I find that amendment would be futile.

An appropriate order will be entered.